**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martha Yolanda ROSALES,**
**Defendant–Appellant.**

**No. 12–50039.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Oct. 3, 2013.

Rebecca Suzanne Kanter, Bruce R. Castetter, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Richard Dale Rome, Law Offices Of Richard D. Rome, Van Nuys, CA, for Defendant–Appellant.

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Martha Yolanda Rosales appeals from the district court's judgment and chal-

Cir. R. 22–1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lenges the 120-month sentence imposed following her guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rosales challenges the substantive reasonableness of her mandatory minimum sentence. She contends that the district court should have compelled the government to file a motion for a substantial assistance departure under U.S.S.G. § 5K1.1. We disagree.

Section 5K1.1 does not impose a duty on the government to move for a substantial assistance departure. *See United States v. Flores*, 559 F.3d 1016, 1019 (9th Cir.2009). Even when a defendant has provided substantial assistance, this court cannot grant relief "unless the government's refusal to file a § 5K1.1 motion was based on impermissible motives, constituted a breach of a plea agreement, or was not rationally related to a legitimate governmental purpose." *Id.* Rosales's allegations do not meet this standard.

Because the district court lacked discretion to sentence Rosales below the mandatory minimum, *see United States v. Wipf*, 620 F.3d 1168, 1171 (9th Cir.2010), her substantive reasonableness argument fails.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).